UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SEABURY & SMITH, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>PAYNE FINANCIAL GROUP, INC., a Montana corporation, EDWARD EUGENIO, and D. GERARD BULGER,<br><br>    Defendants. | NO. CV-03-481-JLQ<br><br>MEMORANDUM OPINION AND ORDER RE: JURISDICTION |

   This action was commenced by way of filing a Notice of Removal on December 18, 2003. At the time of filing of the Notice of Removal with attached state court complaint, the named parties had complete diversity of citizenship. Plaintiff Seabury & Smith ("Seabury") was a Delaware corporation with its principal place of business in New York. Defendant Payne Financial Group ("Payne") was a Montana corporation with its principal place of business in Montana. The three other individually named defendants were all citizens of Washington. Thus diversity of citizenship jurisdiction existed under 28 U.S.C. § 1332, and it appeared that this matter could have originally been brought in federal court and removal would have been appropriate under 28 U.S.C. § 1441(a), absent 28 U.S.C. § 1441(b) which prohibits removal by a defendant who is a citizen of the forum state. See *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)(Generally, "[w]hen a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court").

ORDER - 1

At the time the Notice of Removal was filed, neither this court or either of the parties raised the issue of the statutory requirement of 28 U.S.C. 1441(b). That subsection, known as the "forum defendant" rule, provides that an action filed in state court, in which federal jurisdiction would be based on diversity of citizenship, "shall be removable only if none of the parties in interest properly joined and served as the defendant is a citizen of the State in which such action is brought." The three individual defendants were all citizens of the State in which the action was originally brought (Washington), and thus removal was improper under 28 U.S.C. § 1441(b).

The court first raised this issue, *sua sponte*, in an Order issued June 16, 2005, a year and a half after the action was commenced, and while Plaintiff's motion for summary judgment was pending. The court heard argument on the issue on the date originally scheduled to hear the summary judgment motion and then invited the parties to provide briefing on the issue. The briefing focused on the question now before the court: whether § 1441(b) a jurisdictional requirement or a statute that outlines removal procedure. Plaintiff contends it is procedural, and that it chose to waive the procedural defect by not raising in within 30 days as required by § 1447(c).

To begin with, it is clear that § 1441(b) was violated at the time of removal. If § 1441(b) is jurisdictional, then this court has an obligation to raise the issue *sua sponte*, and must remand. See 28 U.S.C. § 1447("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Kelton Arms v. Homestead Ins. Co.*, 346 F.3d 1190 (9th Cir. 2003). However, if § 1441(b) is procedural, then this court has no authority to issue a *sua sponte* remand for a defect in removal procedure if more than 30 days have expired since the filing of the notice of removal. *Kelton Arms*, 346 F.3d at 1192.

This court begins its analysis of whether § 1441(b) is jurisdictional or procedural by looking to the Supreme Court. The Supreme Court has not ruled on this precise issue, but this court previously cited the parties to two recent opinions that may be of import: *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996) and *Grupo Dataflux v. Atlas*

ORDER - 2

*Global Group*, 541 U.S. 567 (2004). Both *Caterpillar* and *Grupo Dataflux*, however, dealt with diversity of citizenship jurisdiction and whether it was created or destroyed by the joinder or dismissal of a party during the course of the proceeding, and did not address the question of whether § 1441(b) imposes a jurisdictional requirement. The *Caterpillar* court did, however, seem to distinguish between the <u>jurisdictional</u> requirement of diversity of citizenship as opposed to the <u>statutory</u> requirement of § 1441(a). 519 U.S. at 73. One may assume the same rationale would apply to § 1441(b). The *Caterpillar* court spoke of plaintiff "timely moving for remand" as doing "all that was required to preserve his objection to removal". *Id.* at 74. This implies that something is required to preserve the objection. Were § 1441 a jurisdictional statute, nothing would be required to preserve the objection. In this case, the Plaintiff Seabury did not object to the removal, and does not now seek remand.

     The Ninth Circuit has recently spoken to the "forum defendant" rule in *Spencer v. U.S. Dist. Court*, 393 F.3d 867 (9th Cir. 2004), but did not directly speak to the jurisdictional versus procedural question before this court. In *Spencer* the removal was proper at the time of removal, however subsequently a local 'forum defendant' was joined and plaintiffs moved to remand under § 1441(b). The district court denied the remand and determined that the forum defendant rule was procedural rather than jurisdictional and that removal was proper at the time the notice of removal was filed. The Ninth Circuit focused primarily on the time the notice of removal was filed and held that "the forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed." 393 F.3d at 871. The court held that the post-removal joinder of a "forum defendant" did not oust the district court of subject-matter jurisdiction. Of course, the case *sub judice* is different in that removal was clearly improper under § 1441(b) at the time the notice of removal was entered. The *Spencer* court did state that "the presence of a local defendant at the time removal is sought bars removal." 393 F.3d at 870. However, this bar was not raised by this court or by Plaintiff, which again returns us to the question of whether § 1441(b) is a procedural

ORDER - 3

defect that may be waived, or a jurisdictional requirement.

Several Circuits have addressed this question, including most recently the Seventh Circuit in *Hurley v. Motor Coach Industries*, 222 F.3d 377 (7th Cir. 2000), which had the opportunity to include the Supreme Court's *Caterpillar* decision in its analysis. The Seventh Circuit found § 1441(b)'s "forum defendant" rule to be "more a matter of removal procedure, and hence waivable, [rather] than a matter of jurisdiction". *Id.* at 380. In so doing, the Seventh Circuit joined the majority of Circuits addressing this issue. *Id.* at 379 (citing to *Korea Exch. Bank v. Trackwise Sales*, 66 F.3d 46 (3rd Cir. 1995); *In re Shell Oil Co.*, 932 F.2d 1518 (5th Cir. 1991); *Woodward v. D.H. Overmyer Co.*, 428 F.2d 880 (2nd Cir. 1970); *Farm Constr. Serv. v. Fudge*, 831 F.2d 18 (1st Cir. 1987); *Handley Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435 (6th Cir. 1924); and *Snapper, Inc. v. Redan*, 171 F.3d 1249 (11th Cir. 1999) all finding that § 1441(b) is nonjurisdictional). This court is aware of only one circuit which has found that § 1441(b) is jurisdictional. See *Hurt v. Dow Chemical*, 963 F.2d 1142 (8th Cir. 1992)(speaking of 1441(b) and holding that "subject matter jurisdiction is not a mere procedural irregularity capable of being waived").

Although the question is clearly a difficult one that has resulted in a split of circuit authority, given the absence of a clear pronouncement from the Supreme Court or the Ninth Circuit, this court finds the reasoning of the majority of circuit courts to be persuasive. Section 1441(b) imposes a statutory rule of removal procedure, and Plaintiff waived any objection to the improper removal by not interposing a motion for remand within 30 days of the filing of the notice of removal.

**IT IS HEREBY ORDERED:**

1. This court is satisfied as to the existence of subject matter jurisdiction. The exercise of jurisdiction is proper based on complete diversity of citizenship and sufficient amount in controversy. 28 U.S.C. § 1332.

2. Removal of this action from state court was improper, at the time of removal, due to the presence of three local, or forum defendants, in violation of 28 U.S.C.§

ORDER - 4

1441(b).

3. The "forum defendant rule" of 28 U.S.C. § 1441(b) is a rule of removal procedure and waivable. Plaintiff waived any rights under the subsection by failing to timely move for remand within 30 days of the filing of the notice of removal.

4. This case shall proceed with hearing on Plaintiff's pending summary judgment motion and all other motions on Friday, July 15, 2005 @ 10:30 a.m..

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Memorandum Opinion and Order and furnish copies to counsel.

**DATED** this 6th day of July, 2005.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5