1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF WASHINGTON

6                                              )
7    SEABURY & SMITH, INC.,                    )
                                               )    No.  CV-03-481-JLQ
8                            Plaintiff,         )
                                               )
9                                              )    MEMORANDUM OPINION
             vs.                               )    AND ORDER
10   PAYNE FINANCIAL, et al,                    )
                                               )
11                                             )
12                           Defendant.         )
     _____ )
13
              Trial of this matter is set for 9 a.m. on Monday, September 19, 2005.  By reason
14
     of the matters set forth herein, counsel shall be present in court at 8:30 a.m. on  that date
15
     for discussion, *inter alia,* of the following matters.
16
              While the Defendants have not filed a Motion For Summary Judgment as to the
17
     applicability of the Washington Consumer Protection Act in this case, the court has
18
     previously indicated doubt concerning whether the evidence, as now understood by the
19
     court, would warrant the submittal of that claim to the jury.  Further briefing by the court
20
     indicates that the claims herein involve a private dispute between the parties and the
21
     element of "public interest" is lacking.  See *Hangman Ridge v. Safeco*, 719 P. 2d 531
22
     (Wa. Sup. Ct. 1986) and *Goodyear v. Whiteman*, 935 P. 2d. 628 (Wa. App. Ct. 1997).
23
     These views of the court are made known in order for the Plaintiff to determine whether
24
     it wishes to inform the jury of that specific claim prior to the court ruling on the efficacy
25
     thereof.
26
              In the court's Memorandum Opinion dated July 29, 2005, the court ruled that the
27

28   ORDER - 1

first three elements of the tortious interference claim had been established.  The finding that the third element of that claim had been established as a matter of law is withdrawn, subject to the further Order of this court.  At the present time, and in preparation of draft Jury Instructions, the court understands that the tortious interference claim is only against Payne.  The court further views, without ruling that  the first element is the existence of a valid contract between the Plaintiff and the individual Defendants, Eugenio and Bulger.  That element is not disputed.  The second element would appear to be that Payne knew of the existence of the contracts.  Again, that is not disputed.  The third element would appear to be whether Payne intentionally induced the breach of those contracts, as opposed to the transfer of the insurance accounts as referenced in the July 29, 2005 Memorandum.  Whether Payne did so would seem to be a question of fact and thus the withdrawal of the prior ruling.  The fourth element in this claim would seem to be subsumed in the "wrongful" aspect of the third element.  The last element would be the damage issue.

The foregoing is not intended to be a final ruling on these issues, but is merely intended to alert counsel to the issues which need further discussion.

The Clerk of this court shall enter this Order and forward copies to counsel.

**DATED** this13th day of September 2005.


s/Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2